UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HELIO J. LEAL DE LA HOZ,

    Plaintiff,

    v.

HUSH COMMUNICATIONS CANADA, INC.

    Defendant.

CASE NO. C17-1465 RSM

ORDER DIRECTING PLAINTIFF TO AMEND COMPLAINT

*Pro Se* Plaintiff Helio J. Leal de La Hoz, a Seattle resident, filed his Complaint on September 28, 2017. Dkt. #5. Summons has not yet been issued.

Plaintiff's claims relate to his "hushmail" email account with Defendant Hush Communications Canada, Inc. Plaintiff appears to make claims of theft and fraud arising from Defendant's October 23, 2016, disabling of Plaintiff's account "because they had received a large number of complaints denouncing my messages as spam." *Id.* Plaintiff alleges he has lost access to important documents and "intellectual Property, whose value I estimate in trillions of dollars." *Id.* Plaintiff also seeks as damages compensation for Plaintiff's "adrenaline poisoning," and to be compensated for his time "litigating this evidence-based claim," which Plaintiff calculates at over 10,000 hours. *Id.* Plaintiff seeks total damages of "1,001,011,380,000.00 USD." *Id.*

As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that his case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*,

ORDER
PAGE - 1

511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). Further, the Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In this case, Plaintiff appears to base federal jurisdiction on diversity, citing Defendant's residence as "either Vancouver, Canada or another state, Delaware, or both." Dkt. #5 at 2. However, Plaintiff has failed to present credible evidence that the damages at issue in this case exceed the statutory requirement of $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff's valuation of his email account at "trillions of dollars," is facially frivolous. Plaintiff's Complaint also fails to set forth causes of action, citing theft and fraud only in passing. Accordingly, Plaintiff's Complaint suffers from deficiencies that, if not corrected in an Amended Complaint, require dismissal.

Accordingly, the Court hereby ORDERS that Plaintiff shall file an Amended Complaint **no later than twenty-one (21) days from the date of this Order**. In the Amended Complaint, Plaintiff must include a short and plain statement demonstrating to the Court that there is a legal basis for his claims. Plaintiff shall identify what law or laws it believes Defendant has violated through its alleged conduct. Finally, Plaintiff must plead specific facts demonstrating that the damages at issue exceed $75,000.

ORDER
PAGE - 2

In addition, **Plaintiff is reminded that he is not to include personal identifiers in his Amended Complaint, such as complete bank or credit card account numbers, social security numbers, and the like, and that such information should be redacted or removed from his documents before filing**.

The Clerk shall send a copy of this Order to Mr. Leal de La Hoz at 77 S. Washington St., Seattle, WA 98104.

DATED this 29th day of September 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3