UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HELIO J. LEAL DE LA HOZ,

       Plaintiff,

   v.

HUSH COMMUNICATIONS CANADA, INC.

       Defendant.

CASE NO. C17-1465 RSM

ORDER OF DISMISSAL

This matter comes before the Court *sua sponte* on the Court's Order Directing Plaintiff to Amend Complaint. Dkt. #6. *Pro Se* Plaintiff Helio J. Leal de La Hoz has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #4. The Complaint was filed on September 28, 2017. Dkt. #5. Summons has not yet been issued.

Plaintiff's claims relate to his "hushmail" email account with Defendant Hush Communications Canada, Inc. Plaintiff appears to make claims of theft and fraud arising from Defendant's October 23, 2016, disabling of Plaintiff's account "because they had received a large number of complaints denouncing my messages as spam." *Id.* Plaintiff alleges he has lost access to important documents and "intellectual Property, whose value I estimate in trillions of dollars." *Id.* Plaintiff also seeks as damages compensation for Plaintiff's "adrenaline poisoning," and to be compensated for his time "litigating this evidence-based claim," which Plaintiff calculates at over 10,000 hours. *Id.* Plaintiff seeks total damages of "1,001,011,380,000.00 USD." *Id.*

ORDER OF DISMISSAL - 1

On September 29, 2017, this Court issued an Order Directing Plaintiff to Amend Complaint. Dkt. #6. In that Order, the Court noted that "Plaintiff appears to base federal jurisdiction on diversity…. However, Plaintiff has failed to present credible evidence that the damages at issue in this case exceed the statutory requirement of $75,000." Dkt. #6 at 2 (citing 28 U.S.C. § 1332(a)). The Court found that Plaintiff's valuation of his email account at "trillions of dollars," was facially frivolous. *Id.* The Court also noted that Plaintiff's Complaint fails to set forth causes of action, citing theft and fraud only in passing. The Court warned that "Plaintiff's Complaint suffers from deficiencies that, if not corrected in an Amended Complaint, require dismissal." *Id.* The Court ordered Plaintiff to file an Amended Complaint within twenty-one days. *Id.* Plaintiff has failed to take any action and the deadline has passed.

As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that his case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). Further, the Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court has reviewed the record and finds that this suit raises frivolous claims. Plaintiff fails to set forth causes of action plausibly connected to the facts, requests an amount in relief

ORDER OF DISMISSAL - 2

that is facially frivolous, and fails to set forth facts establishing diversity subject matter jurisdiction. Given all of this, dismissal is warranted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court hereby finds and ORDERS:

1) Plaintiff's claims are DISMISSED.

2) This matter is CLOSED.

3) The Clerk shall send a copy of this Order to Mr. Leal de La Hoz at 77 S. Washington St., Seattle, WA 98104.

DATED this 27th day of October, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 3